IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERTO MIGUEL CRUZ-RODRIGUEZ, Petitioner | : | No. 3:26cv2812 |
| | : | (Judge Munley) |
| v. | : | |
| WARDEN, Pike County Correctional Facility, Respondent | : | |

## MEMORANDUM ORDER

Before the court is Roberto Miguel Cruz-Rodriguez's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). Petitioner is a citizen of the Dominican Republic and an immigration detainee in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. (Doc. 5 at 1–2). He has been detained since September 12, 2026. (Doc. 1 at 2).

Records indicate that the petitioner was taken into custody by the Scranton Police Department on criminal charges of resisting arrest, evading arrest on foot,

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Cruz-Rodriguez filed the instant petition while detained at Pike County Correctional Facility. (Doc. 1 at 1). He asserts his detention violates the Due Process Clause of the Fifth Amendment. Id. at 7. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

tampering or fabricating physical evidence, disorderly conduct, possession of marijuana, and possession of drug paraphernalia. (Doc. 5-3 at 6). After his release from the Lackawanna County Prison on those criminal charges, ICE took the petitioner into federal custody, charging him with violating 8 U.S.C. § 1182(a)(6)(A)(i) as allegedly arriving in the United States at any time or place other than as designated by immigration authorities. Id. Petitioner seeks release from detention at the Pike County Correctional Facility. (Doc. 1 at 7).

There is no final order of removal in Cruz-Rodriguez's immigration proceedings which would implicate 8 U.S.C. § 1231.[2] Petitioner's criminal charges do not place him within the text of § 1226(c), including the Laken Riley Act, which is appliable to individuals who are charged with an "assault of a law enforcement officer offense." § 1226(c)(1)(E)(ii). That is, petitioner has been charged under 18 PA. CONS. STAT. § 5104 for resisting arrest, not 18 PA. CONS. STAT. § 2702(a)(2), (a)(3), or (a)(6), which are separately enumerated offenses in the Commonwealth, which govern assaults against police officers. (Doc. 5-4 at 3).

---

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited October 23, 2026).

The court thus agrees with respondents' position that 8 U.S.C. § 1226(a) applies to petitioner's detention. (Doc. 5 at 1). Section 1226(a) "permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk." Buele Morocho v. Warden Phila. FDC, 189 F.4th 287, 292 (3d Cir. 2026) (citing 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(c)(8)). According to the government's exhibits, petitioner explicitly rejected a custody redetermination hearing, i.e., a bond hearing, on September 13, 2026. (Doc. 5-2 at 2). Consequently, the government asserts that this habeas petition should be denied for failure to administratively exhaust with instructions that the petitioner file a request for a custody determination hearing with an immigration judge. (Doc. 5 at 8).

Petitioner submitted a traverse on October 2, 2026. (Doc. 6). He disputes that he engaged in any criminal conduct and states that he ran from the police due to his immigration status. Id. at 1. He asks that the court not hold his list of pending charges against him "as an established finding that [he] committed each offense or that [he is] necessarily dangerous." Id. at 2. As for his response to the government's administrative exhaustion arguments, the petitioner's language shifts:

> I do not represent that I have exhausted administrative custody remedies. Nor do I ask the Court to assume that I requested a hearing, appealed a bond decision, or was

> denied access to a remedy. Those events are not established here.

Id. at 4.

Petitioner's language shifts further regarding his initially asserted claims of due process violations:

> I do not claim that the approximately three weeks of detention as of this reply, standing alone, establishes constitutionally prolonged detention. My concerns are the disputed factual basis of custody, my parole history, and the adequacy of the process available to address those matters.

Id. at 3–4.

Because the relevant statute does not require administrative exhaustion, any requirement would be prudential in this case, i.e., judge-made and discretionary. United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020). Prudential exhaustion requires the court "to balance the alien's interest in prompt access to the federal courts with the government's institutional interest in exhaustion." Id. (citing McCarthy v. Madigan, 503 U.S. 140, 146 (1992)). "But even when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." Id. (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)). In immigration habeas cases, administrative exhaustion has been excused where there is evidence that the administrative outcome has been predetermined. Cox v. Monica, No. 1:07-CV-

0534, 2007 WL 1804335, at *3 (M.D. Pa. June 20, 2007) (Conner, J.). Further, the futility exception is appropriate "when the decisionmakers in the administrative process will almost certainly reject petitioner's requested relief." Ndiaye v. Jamison, No. CV 25-6007, 2025 WL 3229307, at *4 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.) (citing Bradshaw v Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

In September 2025, the Board of Immigration Appeals ("BIA") issued a decision indicating that a mandatory detention statute, 8 U.S.C. § 1225(b)(2)(A), applied to petitioners like Cruz-Rodriguez. Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 220 (BIA 2025). The question at this juncture is whether the assigned immigration judge would continue to rely upon Hurtado or Section 1225(b)(2)(A) to deny the petitioner bond. As the BIA has previously indicated, however, "published case law from a United States court of appeals must be followed within the same circuit, except in unusual circumstances[.]" Matter of K-S-, 20 I. & N. Dec. 715, 718 (BIA 1993) (citing Matter of Anselmo, 20 I. & N. Dec. 25, 31 (BIA 1989)). There appears to be no unusual circumstances in Cruz-Rodriguez's immigration case. He is similar to hundreds of petitioners who have sought habeas relief in this district over the past year.

Cruz-Rodriguez is detained within the jurisdiction of the Third Circuit Court of Appeals. In Buele Morocho, the court explicitly found the BIA's logic in

Hurtado to be fundamentally flawed. 189 F.4th at 292, 294 & n.8. Thus, pursuant to BIA precedent, the immigration judge in this case would be bound by Buele Morocho, not Hurtado. The court also has no evidence that a bond hearing in this case would have a predetermined outcome. Such circumstances weigh against finding futility in the administrative process. Therefore, petitioner must go through the administrative process and not use a § 2241 petition to duck that process.

On one final note, Cruz-Rodriguez is entitled to a custody redetermination hearing before a neutral and impartial IJ. There are "three pillars" of a fair hearing: "(1) the IJ engages in fact-finding based on the record made at a hearing and disclosed to the noncitizen; (2) the noncitizen has the opportunity to make arguments and present evidence on his/her own behalf; and (3) the IJ makes an individualized determination of the noncitizen's claims." B.C. v. Att'y Gen. U.S., 12 F.4th 306, 313 (3d Cir. 2021) (citing Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 386 (3d Cir. 2001)). The petitioner is also entitled to an interpreter at the time of any custody determination hearing. See Marincas v. Lewis, 92 F.3d 195, 204 (3d Cir. 1996).

Should Cruz-Rodriguez experience a proceeding that he believes has not been fundamentally fair or has violated his Fifth Amendment right to due process

of law, nothing in this order precludes him from seeking relief through a renewed Section 2241 petition.

Thus, for the reasons set forth above, it is hereby **ORDERED** as follows:

1) Roberto Miguel Cruz-Rodriguez's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for failure to exhaust administrative remedies; and

2) The Clerk of Court is directed to close this case.

**Date:** 10/26/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**